(Thacher J.
By the Court dissenting). The question is, whether the defendants, in obtaining the money of the plaintiff, acted under a legal authority ; if not, they are liable to the plaintiff in this action. Costs are to be settled according to usage, as there is no statute pointing out the mode. It would be impossible always to tax them in court, and generally it is done out of court. If a party were allowed to tax his own costs, he might sometimes charge too much unintentionally The question then is, how are they to be settled ; and the Court, in Dodd v. Lewis, lay it down as a rule, that they should be taxed before the clerk; and if the parties canna* agree, application is to be made to a judge at his chamber^ Here both parties did not think it necessary to go before the clerk, but one of them taxed his bill of costs and submitted it to the other; who, after marking several items as improperly taxed, handed it to the clerk, informing him, that if any of the items so marked should be allowed, an appeal to one of the judges would be insisted on. And afterwards, while the second execution remained in the clerk’s hands, the plaintiff’s attorney reminded him that an appeal was claimed. We think that an appeal was entered according to the practice in such cases, and that the party taking the execution from the clerk’s office did it irregularly. There' is no difference between this case and one where a party should take an execution lying on the clerk’s table, which the clerk should tell him was made out by mistake and was not intended to issue, and yet he should go on and levy it.
Judgment must be for the whole sum found by the verdict > but as we are of opinion that no execution has issued in the first action, let that action be brought forward, and the present one be continued for judgment, in order that the two judgments may be set off against each other.